FILED

1  PRICE LAW GROUP, APC
2  G. Thomas Martin, III (SBN 218456)
   15760 Ventura Boulevard, Suite 1100
3  Encino, California 91436
   Telephone: 818.907.2030
4  Facsimile: 818.205.3730
5  tom@plglawfirm.com

2013 DEC 26  AM 10: 21

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

6
7  Attorney for Plaintiff
   MARIA CLEMENA
8

9            UNITED STATES DISTRICT COURT
10           CENTRAL DISTRICT OF CALIFORNIA
11

12  MARIA CLEMENA, an individual,        Case No.: SACV13-999-ODW (ANx)
13               Plaintiff,
                                         **COMPLAINT AND DEMAND FOR**
14        vs.                            **JURY TRIAL FOR VIOLATIONS**
                                         **OF:**
15
16  ONEMAIN FINANCIAL, INC., a           **1. THE ROSENTHAL FAIR DEBT**
17  foreign corporation; and DOES 1 to 10,   **COLLECTION PRACTICES**
    inclusive,                               **ACT [CAL. CIV. CODE § 1788]**
18
                 Defendant(s).           **2. THE TELEPHONE CONSUMER**
19                                       **PROTECTION ACT**
20                                       **[47 U.S.C. § 227]**
21
22
23            **COMPLAINT FOR DAMAGES**
24        **I.       INTRODUCTION**
25       1.     Maria Clemena ("Plaintiff") brings this action to secure redress from
26  OneMain Financial, Inc. ("Defendant") for violations of the Telephone Consumer
27  Protection Act ("TCPA"), 47 U.S.C. § 227 and the Rosenthal Fair Debt
28  Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788. The TCPA is a

- 1 -

1   federal statute that broadly regulates the use of automated telephone equipment.
2   Among other things, the TCPA prohibits certain unsolicited marketing calls,
3   restricts the use of automatic dialers or prerecorded messages, and delegates
4   rulemaking authority to the Federal Communications Commission ("FCC").  The
5   RFDCPA prohibits creditors and debt collectors from engaging in abusive,
6   deceptive and unfair practices in connection with the collection of consumer
7   debts.

## II.   JURISDICTION AND VENUE

9        2.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as
10  Plaintiff's claims arise under the laws of the United States.  Jurisdiction in this
11  Court is also proper pursuant to 28 U.S.C. § 1367 as Plaintiff's RFDCPA claim is
12  so related to Plaintiff's TCPA claim that they form part of the same case or
13  controversy under Article III of the United States Constitution.
14       3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)
15  because the acts and transactions alleged in this Complaint occurred here,
16  Plaintiff resides here, and Defendant transacts business here.

## III.   PARTIES

18       4.     Plaintiff is an individual, residing in Buena Park, Orange County,
19  California 90620.  Plaintiff is a natural person from whom a debt collector seeks
20  to collect a consumer debt which is due and owing or alleged to be due and
21  owing from such person.  Thus, Plaintiff is a "debtor" as defined by the
22  RFDCPA, CAL. CIV. CODE § 1788.2(h).
23       5.     Defendant is a foreign corporation, registered under the laws of the
24  State of Maryland.  Upon information and belief, Defendant's principal place of
25  business is 300 St. Paul Place, Baltimore, Maryland 21202.
26       6.     In the ordinary course of business, regularly, on behalf of itself or
27  others, Defendant engages in debt collection and thus, Defendant is a "debt
28  collector" as defined by the RFDCPA CAL. CIV. CODE §1788.2.  Defendant

1  regularly engages in the collection of debt by telephone in several states
2  including, California.

3        7.     The true names and capacities, whether individual, corporate, or in
4  any other form, of Defendants DOES 1 through 10, inclusive, and each of them,
5  are unknown to Plaintiff, who therefore sues them by such fictitious names.
6  Plaintiff will seek leave to amend this Complaint to show the true names and
7  capacities of DOES 1 through 10 should they be discovered.

8                    IV.   **FACTUAL ALLEGATIONS**

9        8.     Within one year prior to the filing of this action, Defendant contacted
10  Plaintiff to collect consumer loan ("alleged debt").  Defendant identifies the
11  alleged debt by account number 0501720186411.

12       9.     The alleged debt is money, property or their equivalent, due or
13  owing or alleged to be due or owing from a natural person by reason of a
14  consumer credit transaction, which qualifies as a "consumer debt," as defined by
15  RFDCPA, CAL. CIV. CODE § 1788.2(f).

16       10.    At all times relevant to this action, Defendant owned, operated
17  and/or controlled telephone numbers 714-441-1296, 866-921-2342, 888-202-
18  1333, and 888-921-7211.  At all times relevant to this action, Defendant called
19  Plaintiff from, but not limited to, telephone numbers 714-441-1296, 866-921-
20  2342, 888-202-1333, and 888-921-7211.

21       11.    Within one year prior to the filing of this action, Defendant
22  constantly and continuously called Plaintiff at, but not limited to, Plaintiff's
23  cellular telephone number 562-713-4444 and Plaintiff's place of employment
24  number 562-627-7839.

25       12.    Within one year prior to the filing of this action, Defendant called
26  Plaintiff at Plaintiff's place of employment.  Plaintiff answered the telephone and
27  spoke with a representative of Defendant who identified herself as "Marisol."
28  During this conversation, Plaintiff notified Defendant that Plaintiff was not

1  permitted to accept personal calls at work.  During this conversation, requested

2  that Defendant cease calling Plaintiff at Plaintiff's place of employment.  During

3  this conversation, Defendant's representative "Marisol" told Plaintiff that

4  Defendant would keep calling Plaintiff at work and that Defendant would do what

5  it needed to do.

6       13.   Within one year prior to the filing of this action, Defendant called

7  Plaintiff at Plaintiff's place of employment after Plaintiff requested Defendant

8  cease calling Plaintiff at Plaintiff's place of employment.

9       14.   Within one year prior to the filing of this action, Defendant called

10  Plaintiff at Plaintiff's cellular telephone.  Plaintiff answered the telephone and

11  spoke with a representative of Defendant.  During this conversation, Plaintiff

12  requested that Defendant cease calling Plaintiff at Plaintiff's cellular telephone.

13       15.   Within one year prior to the filing of this action, Defendant called

14  Plaintiff at Plaintiff's cellular telephone after Plaintiff requested Defendant cease

15  calling Plaintiff at Plaintiff's cellular telephone.

16       16.   On or about, August 6, 2013, Plaintiff requested in writing that

17  Defendant cease calling Plaintiff at Plaintiff's place of employment.

18       17.   Subsequent to August 6, 2013, Defendant called Plaintiff at

19  Plaintiff's place of employment.

20       18.   On or about, August 23, 2013, Plaintiff requested in writing that

21  Defendant cease calling Plaintiff at Plaintiff's place of employment.

22       19.   Subsequent to August 23, 2013, Defendant called Plaintiff at

23  Plaintiff's place of employment.

24       20.   On or about, September 4, 2013, Plaintiff requested in writing that

25  Defendant cease calling Plaintiff at Plaintiff's place of employment.

26       21.   Subsequent to September 4, 2013, Defendant called Plaintiff at

27  Plaintiff's place of employment.

28

22.    On or about, September 27, 2013, Defendant received written notification that Plaintiff was represented by an attorney.  In this correspondence, Defendant was requested to cease contacting Plaintiff.  In this correspondence, Defendant was requested to direct all future correspondence regarding Plaintiff and Plaintiff's account with Defendant to Plaintiff's attorney.  In this correspondence, Defendant was provided with Plaintiff's attorney's contact information.

23.    Subsequent to September 27, 2013, Defendant contacted Plaintiff.

24.    On or about, November 4, 2013, Defendant received written notification that Plaintiff was represented by an attorney.  In this correspondence, Defendant was requested to cease calling Plaintiff.

25.    Subsequent to November 4, 2013, Defendant called Plaintiff.

26.    Within one year prior to the filing of this action, Defendant contacted Plaintiff after Defendant was notified in writing that Plaintiff was represented by an attorney.

27.    Within one year prior to the filing of this action, Defendant contacted Plaintiff after Plaintiff's place of employment after Defendant was notified Plaintiff's employer prohibited such communications.   Within one year prior to the filing of this action, Defendant contacted Plaintiff after Plaintiff's place of employment after Plaintiff's requested that Defendant cease calling Plaintiff at Plaintiff's place of employment.  Within one year prior to the filing of this action, Defendant contacted Plaintiff after Plaintiff's place of employment after Plaintiff's requested in writing that Defendant cease calling Plaintiff at Plaintiff's place of employment.

28.    Within one year prior to the filing of this action, Defendant contacted Plaintiff after Plaintiff requested in writing that Plaintiff wanted Defendant to cease communicating with Plaintiff.

COMPLAINT FOR DAMAGES

29.     Defendant's conduct as alleged herein was done to harass, oppress, or abuse Plaintiff.

30.     Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff in telephone conversations repeatedly.

31.     Within one year prior to the filing of this action, Defendant repeatedly called Plaintiff multiple times over the course of one day.  For example, on or about, but not limited to October 10, 2013, Defendant called Plaintiff no less than seven (7) times over the course of one day.

32.     Defendant's conduct as alleged herein amounts to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

33.     At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

34.     At all times relevant to this action, Defendant owned, operated and/or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

35.     Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

- 6 -

36.    Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

37.    Even assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked when Plaintiff orally requested Defendant cease calling Plaintiff on Plaintiff's cellular telephone.  This consent was further revoked on or about, but not limited to, August 6, 2013, August 23, 2013, September 4, 2013, September 27, 2013 and November 4, 2013, when Plaintiff requested in writing that Defendant cease contacting Plaintiff.

38.    Upon information and belief, at no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

39.    Upon information and belief, Defendant is not a tax exempt nonprofit organization.

40.    Defendant willfully violated the TCPA when it contacted Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice."  Defendant's conduct was willful because Plaintiff requested no less than one (1) time orally and no less than five (5) times in writing that Defendant cease calling Plaintiff.

41.    Upon information and belief, within four years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff no less than twenty-two (22) times at Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

///

///

///

COMPLAINT FOR DAMAGES

## V.    FIRST CAUSE OF ACTION

### (Violations of the RFDCPA, CAL. CIV. CODE § 1788)

42.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.    Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

(a)    Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b)    Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(c)    Defendant violated CAL. CIV. CODE § 1788.14(c) by communicating, with a debtor, other than statements of account, after the debt collector has been notified in writing that the debtor is represented by an attorney; and

(d)    Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692c(a)(2) by communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; and

(ii)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692c(a)(3) by communicating with a consumer at the consumer's place

1  of employment if the debt collector knows or has reason to know that the

2  consumer's employer prohibits the consumer from receiving such

3  communication; and

4          (iii)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15

5  U.S.C. § 1692c(c) by communicating with a consumer in connection with the

6  collection of any debt after the consumer notifies the debt collector in writing that

7  the consumer refuses to pay a debt or that the consumer wishes the debt collector

8  to cease further communication with the consumer; and

9          (iv)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15

10  U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to

11  harass, oppress or abuse any person in connection with the collection of the

12  alleged debt; and

13          (v)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15

14  U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in

15  telephone conversation repeatedly or continuously with intent to annoy, abuse, or

16  harass any person at the called number; and

17          (vi)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15

18  U.S.C. § 1692f by using unfair or unconscionable means in connection with the

19  collection of an alleged debt.

20      44.    Defendant's acts, as described above, were done intentionally with

21  the purpose of coercing Plaintiff to pay the alleged debt.

22      45.    As a result of the foregoing violations of the RFDCPA, Defendant is

23  liable to Plaintiff for declaratory judgment that Defendant's conduct violated the

24  RFDCPA, actual damages, statutory damages, and attorney's fees and costs.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR DAMAGES

## VI. SECOND CAUSE OF ACTION

### (Violations of the TCPA, 47 U.S.C. § 227)

46.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.     Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

(a)     Within four years prior to the filing of this action, on no less than twenty-two (22) occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)     Upon information and belief, within four years prior to the filing of this action, on no less than twenty-two (22) occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

48.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

///

## VII.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

    (a)    An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

    (b)    Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

    (c)    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

    (d)    As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

    (e)    Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); and

    (f)    Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

    (g)    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    (h)    For such other and further relief as the Court may deem just and proper.

///
///
///
///
///

COMPLAINT FOR DAMAGES

## VIII.  **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: <u>December 19, 2013</u>

PRICE LAW GROUP, APC

By: _____

G. Thomas Martin, III
*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Otis D. Wright II _____ and the assigned Magistrate Judge is _____ Arthur Nakazato _____ .

The case number on all documents filed with the Court should read as follows:

## SACV13-1999-ODW (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

December 26, 2013
_____
Date

By   MDAVIS
_____
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ **Western Division**
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ **Southern Division**
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ **Eastern Division**
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| MARIA CLEMENA, an individual | ) |
| | ) |
| *Plaintiff* | ) |
| v. | ) |
| ONEMAIN FINANCIAL, INC., a foreign corporation; and DOES 1 to 10, inclusive, | ) |
| *Defendant* | ) |

Civil Action No. SACV13-1999-ODW (ANx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

ONEMAIN FINANCIAL, INC., a foreign corporation
300 St. Paul Place
Baltimore, Maryland 21202

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

G. Thomas Martin, III, Esq. (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100
Encino, CA  91436
T: (818) 907-2030; F: (866) 397-2030
tom@plglawfirm.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: DEC 2 6 2013

*Signature of Clerk or Deputy Clerk*

1227

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                        *Server's signature*

                                               _____
                                                        *Printed name and title*

                                               _____
                                                        *Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| MARIA CLEMENA | ONEMAIN FINANCIAL, INC., a foreign corporation; and DOES 1 to 10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number.  If you are representing yourself, provide same information.) | (b) Attorneys (Firm Name, Address and Telephone Number.  If you are representing yourself, provide same information.) |
|---|---|
| G. Thomas Martin, III (SBN 218456)<br>PRICE LAW GROUP, APC,   (818)907-2030<br>15760 Ventura Blvd., Suite 1100, Encino, CA  91436 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $ according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]; THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ-enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com-modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**     Case Number: SACV13-1999

CV-71 (09/13)

**CIVIL COVER SHEET**

Page 1 of 3

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? ☐ Yes ☒ No  If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? ☐ Yes ☒ No  If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| ☒ 2 or more answers in Column C | ☐ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D, below.  If none applies, answer question C2 to the right. ➡ | Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D, below.  If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the WESTERN DIVISION. Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | SOUTHERN |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   [X] NO   [ ] YES

    If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   [X] NO   [ ] YES

    If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
[ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

---

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**   *[signature]*   DATE: 12/19/2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |